# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GLENN A. HEATH,

    Plaintiff,

v.

JOE NORWOOD, et al.,

    Defendants.

Case No. 17-3114-DDC

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Glenn A. Heath's Motion for Leave to Appeal in forma pauperis (Doc. 29). Because the court finds that Mr. Heath has sufficient funds to pay the filing fee, it denies his Motion.[1]

**I.    Facts**

Mr. Heath—an inmate at the Lansing Correctional Facility—filed a Petition for Writ of Habeas Corpus with our court last year (Doc. 1). Previously, Mr. Heath also filed a Motion for Leave to Proceed in forma pauperis, which the court denied (Doc. 3). The court later considered and denied Mr. Heath's Petition for Writ of Habeas Relief. Doc. 24. Concluding that nothing suggested its ruling was debatable and no record authority suggested the Tenth Circuit would resolve the case differently, the court also declined to issue a certificate of appealability. *Id.* at 19.

Mr. Heath now has appealed to the Tenth Circuit. He has not paid the filing fee yet, and he seeks leave to appeal in forma pauperis (Doc. 29). The filing fee for initiating an appeal to

---

[1] Under Federal Rule of Appellate Procedure 24(a)(2), if the district court denies a motion to appeal in forma pauperis, it must state its reasons in writing.

the Tenth Circuit is $505.00 ($5.00 filing fee and $500.00 docket fee). Doc. 28 at 1. Mr. Heath represents that he does not have an issue paying the required fees. Nevertheless, he asks the court to defer the $505.00 fee until the Circuit rules on his appeal, or, alternatively, to let him pay the fee in installments. Doc. 29 at 2.

## II.      Legal Standard

Proceeding in forma pauperis is governed by 28 U.S.C. § 1915. Section 1915(a)(1) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

But, the statute also provides that all prisoners bringing civil actions or appeals must pay the full amount of filing and docketing fees. *Id.* at § 1915(b)(1). So, "if a prisoner tenders less than full fees when a notice of appeal is filed, the district court shall obtain sufficient information to determine the prisoner's eligibility to make partial payments of the full fee, and, if the prisoner is eligible, assess a partial filing fee under the Act." 10th Cir. R. 24.1. In short, the court will authorize a partial filing fee only if it is satisfied that the applicant is unable to pay the requisite fees immediately. *Id.*

## III.     Discussion

Mr. Heath did not tender the filing fee when he filed his Notice of Appeal. But, he did file a Motion for Leave to Appeal in forma pauperis with this court within 30 days. *See* Fed. R. App. P. R. 24(a)(1). Mr. Heath concedes that he is willing to pay the required fee for his appeal. Doc. 29 at 2. And, he represents to the court that private industry employs him in prison and that

he receives monthly pay for his work. *Id.* at 2. In short, the court is not satisfied that Mr. Heath could not pay his fee immediately.

And, the court's review of Mr. Heath's "Inmate Account Statement" solidifies this conclusion. When the court permits an inmate to proceed in forma pauperis, this decision merely entitles the applicant to pay the filing fee in installment payments deducted automatically from the inmate's trust fund account. 28 U.S.C. § 1915(b)(2). But, the applicant must still pay an initial partial filing fee: Section 1915(b)(1) requires the court to assess an initial partial filing fee of 20% of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the filing date of a civil action. *Id.* at § 1915(b)(1).

Mr. Heath has attached his "Inmate Account Statement" to his application. It shows that Mr. Heath's average monthly deposit during the relevant period was $1,241.61, and his average available cash balance was $2,741.08. *Id.* at 3. Twenty percent of $2,741.08—the greater of the two numbers—is $548.22. In short, Mr. Heath's inmate account demonstrates that he has the financial wherewithal to pay the filing fee. The court thus declines to grant Mr. Heath's Motion.

The court directs the Clerk of this Court to notify the Tenth Circuit of this decision. Fed. R. App. P. R. 24(a)(4). Also, the court directs Mr. Heath to Fed. R. App. P. R. 24(a)(5), which allows a party to file a motion to proceed on appeal in forma pauperis in the Court of Appeals within 30 days of filing of an order like this one. Fed. R. App. P. R. 24(a)(5). Should Mr. Heath choose to pursue this option, "[t]he motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

## IV. Conclusion

For the reasons explained above, the court denies Mr. Heath's Motion for Leave to Appeal in forma pauperis.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Heath's Motion for Leave to Appeal in forma pauperis (Doc. 29) is denied.

**IT IS FURTHER ORDERED** that the Clerk notify the parties and the Tenth Circuit Court of Appeals of its decision to deny Mr. Heath's motion to proceed in forma pauperis.

**IT IS SO ORDERED.**

**Dated this 29th day of November, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**